

December 21, 2023

**VIA ECF**

Rafael Rivera, Jr.
Direct Phone    212-453-3879
Direct Fax      646-588-1372
rafaelrivera@cozen.com

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

  Re: *Lonstein Law Office, P.C. et al. v. StarStone Specialty Insurance Company*,
    <u>Case No. 1:22-cv-08670</u>

Dear Judge Subramanian:

  Plaintiffs Lonstein Law Office, P.C., Julie C. Lonstein, and Wayne D. Lonstein ("Plaintiffs") and Defendant StarStone Specialty Insurance Company ("StarStone," collectively, the "Parties") hereby jointly submit this letter motion pursuant to Section 3, Paragraph E of Your Honor's Individual Practices in Civil Cases. The purpose of this joint letter motion is to request a stay of discovery pending a decision on StarStone's Motion to Dismiss. The Parties have conferred and agreed that, pending a decision, a stay would conserve judicial resources, minimize litigation costs, and promote efficiency.

  StarStone filed its Motion to Dismiss on October 27, 2023 (the "Motion") ([ECF No. 21](#)). On December 1, 2023, Plaintiffs filed their Opposition ([ECF No. 28](#)); and on December 8, 2023, StarStone filed its Reply in support of its Motion. ([ECF No. 29](#)) The Motion remains pending before Your Honor.

  After the Motion was filed, the Court entered its Civil Case Management Plan and Scheduling Order on November 2, 2023 ([ECF No. 25](#)) ("Scheduling Order"). The Scheduling Order incorporates dates initially agreed upon by the Parties in their proposed Civil Case Management Plan and Scheduling Order ([ECF No. 24](#)). Among other things, the Scheduling Order requires the Parties to serve their first requests for production of documents by January 15, 2024, and interrogatories by January 31, 2024.

  In light of these upcoming deadlines, the Parties believe that granting a stay will result in judicial economy because the Court's decision may be entirely dispositive of the action or otherwise affect the Parties' understanding of the issues presently before them. Moreover, should the Motion be denied, a stay will allow the Parties to litigate this matter more efficiently, and to focus their discovery pursuant to the Court's ruling. Accordingly, a stay on discovery until the Motion is decided would conserve judicial resources, minimize litigation costs, and promote efficiency. Promptly following the Court's decision as to StarStone's Motion, the Parties agree to meet and confer regarding an updated schedule for discovery-related deadlines and any post-

Honorable Arun Subramanian
December 21, 2023
Page 2

discovery dispositive motions. Thereafter, the Parties will present the Court with a proposed scheduling order.

      For the above-mentioned reasons, the Parties respectfully request that the Court grant this joint request for a stay of all discovery until a decision can be rendered on StarStone's pending Motion. Note that the Parties have submitted two previous requests requesting extensions: the first was by StarStone to respond to the operative complaint (ECF No. 19); and the second was by Plaintiffs to respond to StarStone's Motion. (ECF No. 26) This Court granted both requests. (ECF No. 20 & ECF No. 27).

      We thank the Court for its time and attention to this matter.

Respectfully submitted,

COZEN O'CONNOR

/s/ *Rafael Rivera, Jr.*

Rafael Rivera, Jr.

cc:    Counsel of Record by ECF

The request is DENIED. The Court will decide the motion promptly, and, in the meantime, the litigation must press on.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: December 22, 2023